# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MARIO RODRIGUEZ, on Behalf of Himself and on Behalf of All Others Similarly Situated, § § § § Plaintiff, § § v. § § BNR THE BRIDGE LLC and BOBBY RISHER, § § § Defendants. § | CIVIL ACTION NO. 5:17-cv-346 JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1. Defendants BNR The Bridge LLC and Bobby Risher ("Defendants") required Plaintiff Mario Rodriguez ("Plaintiff") to work more than forty (40) hours a week as a construction worker. Defendants paid Plaintiff under a compensation system which violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Defendants paid Plaintiff and other construction workers a flat hourly rate regardless of the number of hours they worked per week. In other words, Defendants pay their construction workers straight time for overtime.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other similarly situated employees, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former construction workers not paid overtime who performed work for Defendants during the three-year period before the filing of this

1

Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant BNR The Bridge LLC is headquartered in San Antonio, Texas.

6. Defendant Bobby Risher is a resident of Bexar County, Texas.

7. Defendants' compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendants' principal headquarters in San Antonio, Texas.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Mario Rodriguez is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

9. Defendant BNR The Bridge LLC is a limited liability company organized under the laws of Texas. Defendant may be served process through its registered agent Bobby Risher, 7525 US HYW 90 W, San Antonio, Texas 78227.

10. Defendant Bobby Risher is the President and Director of BNR The Bridge LLC. Defendant Ellison can be served at his principle place of business of Bobby Risher, 7525 US HYW 90 W, San Antonio, Texas 78227 or at his residence of 1106 Saxonhill Dr., San Antonio, Texas 78253.

## FLSA Coverage

11. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C.*, Civil Action No. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

12. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

13. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

14. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

15. Defendant Risher is the owner of BNR The Bridge LLC.

16. Defendant Risher is involved in the day-to-day business operation of Defendant BNR The Bridge LLC.

17. Defendant Risher controlled the Plaintiff's schedule.

18. Defendant Risher had final authority over the content of employee handbooks.

19. Defendant Risher approved the rate of pay for all workers at BNR The Bridge LLC.

20. Defendant Risher had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

21. Defendant Risher made the decision to pay Plaintiff an hourly rate without overtime.

22. Defendant Risher made the decision not to pay Class Members overtime.

23. As such, Defendant Risher is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly and severally, liable for all damages.

24. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

25. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v.*

*Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

26. Both the individual and enterprise coverage are applicable in this case.

27. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

28. At all material times, Plaintiff and the Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

29. Here, Defendants employed Plaintiff and the Class as part of their construction business. Plaintiff's and the Class Members' regular job duties consisted of labor using tools, drywall, nails, and other equipment that moved through interstate commerce.

30. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2)

have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

31. Here, Defendants have had, and continues to have, an annual gross business volume in excess of the statutory minimum.

32. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, process customers' credit cards with banks in other states, and sell equipment that moved across state lines.

## FACTS

33. Defendant BNR The Bridge LLC is a residential and commercial remodeling firm headquartered in San Antonio, Texas.

34. Defendant BNR The Bridge LLC does business across Texas.

35. Defendant Risher is the owner, president, and director of BNR The Bridge LLC.

36. Plaintiff Rodriguez worked for Defendants within the last three years as a construction worker.

37. For much his time with Defendants, he worked on Defendants' remodeling project of 1111 Rusk in Houston, Texas.

38. Plaintiff's primary duties were construction work, such as hanging and taping drywall, framing walls, and installing flooring.

39. Defendants instructed Plaintiff about when, where, and how he was to perform his work.

40. Defendants scheduled Plaintiff's jobs, provided him with detailed instructions as to how to perform his work, and assigned him so many hours per week that as a practical matter he was precluded from working elsewhere.

41. Plaintiff's normal schedule was 6 A.M. to 5:30 – 7:00 P.M., six or seven days a week with a half hour lunch. As such, Plaintiff routinely worked 55 to 85 hours a week.

42. Defendants paid Plaintiff a flat hourly rate without the FLSA's one and one-half times multiplier for his overtime work.

43. Plaintiff's work was integrated into and integral Defendants' construction operations.

44. Defendants provided workers' compensation to Plaintiff and classified him as an employee.

45. Defendants have built their business on underpaying their employees. They employ dozens of other workers across the state that they illegal deny overtime by using the same straight time for overtime system applicable to Plaintiff. These employees should be apprised of this action and informed of their right to join it.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class:

> All hourly paid construction workers of Defendants, and workers in substantially similar positions, within three years from the commencement of this action to the present.

47. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that this class of similarly-situated

employees exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

48. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

49. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

50. All Class Members perform the same essential job functions regardless of branch location.

51. Defendants have a common job description that applies to all Class Members.

52. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees, and the denial of overtime pay.

53. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

54. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

55. Plaintiff incorporates the preceding paragraphs by reference.

56. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

57. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek because they misclassified those workers as exempt or as independent contractors.

58. Defendants cannot satisfy its burden to show that any exemption applies.

59. Defendants have, therefore, violated and continues to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

60. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.

61. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

62. Defendants intentionally misclassified Plaintiff and Class Members in order to avoid their obligations under the FLSA.

63. Plaintiff will seek to certify these classes as a collective action under 29 U.S.C. § 216(b).

## **DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)**

64. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

65. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

66. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

## JURY DEMAND

67. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

68. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS